# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

140927

STEVEN E. YURSCO,
   Plaintiff-Appellant,

v

JUSTIN D. SWANSON, GILBERT ARIZOLA,
GAIL B. LANCOP, and PROGRESSIVE
MICHIGAN INSURANCE COMPANY,
   Defendants-Appellees.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 140927
COA: 289227
Saginaw CC: 08-000355-NI

On order of the Court, the application for leave to appeal the March 9, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgments of the Court of Appeals and the Saginaw Circuit Court, and we REMAND this case to the trial court for reconsideration in light of *McCormick v Carrier* (Docket No. 136738), 487 Mich ___ (July 31, 2010).

YOUNG, J. (*concurring*).

I reluctantly concur in this Court's order remanding this case for reconsideration in light of this Court's recent decision in *McCormick v Carrier*, 487 Mich ___ (2010). Although I joined and continue to subscribe to Justice MARKMAN's dissenting opinion in that case, *McCormick* now controls when a person may recover in tort for non-economic loss under the no fault act. The *McCormick* dissent astutely noted that "[b]y nullifying the legislative compromise that was struck when the no-fault act was adopted—a compromise grounded in concerns over excessive litigation, the overcompensation of minor injuries, and the availability of affordable insurance—the Court's decision today will restore a legal environment in which each of these hazards reappear and threaten the continued fiscal integrity of our no-fault system." The factual scenario presented in this case certainly brings to life these concerns and thus illustrates what is so troubling with the virtually standardless positions articulated in *McCormick*.

Plaintiff here sustained a fracture in his left shoulder as a result of a motorcycle accident. Within approximately two months plaintiff returned to work without

restrictions, and shortly thereafter he self-discharged from physical therapy. The trial court specifically found that plaintiff could not identify any recreational activities that he has been unable to perform as a result of the accident, and that any residual effects from the accident "have not deterred him from performing any vocational, domestic or recreational activity which he engaged in prior to the accident." Indeed, except for work, plaintiff was able to resume his normal daily activities almost immediately (five days) after the accident.

Plaintiff's injury here is *not* "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." Indeed, the trial court's *findings of fact*—which do not change even upon remand for consideration under *McCormick's* new legal standard—expressly state that plaintiff's ability to live in his normal manner of living has not been affected, nor has there been an impairment of plaintiff's pre-accident activity or lifestyle. The injury here was simply not sufficient to meet the statute's definition of "*serious* impairment of body function"— the type of impairment that was legislatively grouped with "death" and "permanent serious disfigurement."

Unfortunately, the majority's decision in *McCormick* to strip MCL 500.3135 of any meaningful limitation by removing the statutory limitations imposed by the Legislature produces a situation of seemingly unlimited liability that will require courts to wrestle with the question of what constitutes a "serious impairment of body function" without meaningful and defined guidance from their State's senior Court. This case thus brings to life the concern noted by Justice MARKMAN in his *McCormick* dissent that "I am not sure that the majority's new threshold can even be called a 'threshold' when it can be satisfied in virtually every automobile accident case that results in injury." Nevertheless, because *McCormick* now governs the analysis to this question, I feel compelled to allow the trial court to address this question anew.

CORRIGAN and MARKMAN, JJ., join the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

_____
Clerk

d1124